UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

IN ADMIRALTY

In the Matter of:  Case No. 2:11-cv-673-FtM-29SPC

Cedar Bay Boat Rentals, LLC.
owner of the 2004 23' Harris Kayot
vessel #41, in a cause of action for
exoneration from, or limitation of,
liability,
_____/

# ORDER

This matter comes before the Court on Claimant Dianne Canavan's Motion, Stipulation and Supporting Memorandum of Law in Support of a Stay of this Action and to Lift December 7, 2011 Order Restraining Actions Against Petitioner (Doc. # 14) filed on February 1, 2012. The Claimant moves the Court to stay the instant limitation of liability proceeding and to order a lift of restraint for prosecuting claims against the Petitioner, to prosecute a state law action against Cedar Bay Boat Rentals, LLC and Stephan Mariani. On March 1, 2012, the parties filed a Joint Stipulation in Support of Motion to Lift Stay (Doc. # 23). This motion is now ripe for review.

On November 29, 2011, Cedar Bay Boat Rentals, LLC filed a Verified Complaint for Exoneration From, or Limitation, of Liability, under 46 U.S.C. § 30501, *et seq*. along with an Affidavit of Value in this Court. The Complaint for Exoneration claims that Cedar Bay Boat Rental, LLC was without privity, knowledge or fault as required for relief under 46 U.S.C. § 30505, and therefore its liability is limited to the amount of the fair market value of the vessel, which was $10,000.00, according to the Petitioner's Affidavit. On December 7, 2011, this

Court filed its Order for Notice to Claimants (Doc. # 6), which required that notice be issued against all persons claiming damages for any and all loss, damage, or injury caused by or resulting from the incident referred to in the Complaint, on or before January 20, 2012. The Court also ordered on December 7, 2011, that "the institution of and prosecution of any and all suits, actions, or legal proceedings of any nature or description whatsoever, except in this proceeding, against the plaintiff or the *vessel,* with respect to any claim arising out of or connected with the incident on April 17, 2011, as set forth in the complaint herein filed, are enjoined and restrained until the hearing and determination of this proceeding as provided by Rule F, Federal Rules of Civil Procedure" (Doc. # 7). On March 1, 2012, the parties filed their Joint Stipulations in Support of Motion to Lift Stay (Doc. # 23). Accordingly, the parties stipulated to the following provisions:

1. Petitioner, Cedar Bay Boat Rentals, LLC, has the right to litigate in this Court the issue of whether it is entitled to limit his liability under the provisions of the Limitations of Liability Act, 46 U.S.C. § 30501, *et seq.*, and this Court has exclusive jurisdiction to determine that issue.

2. Petitioner has the right to have this Court determine the value of the Vessel identified in its Notice to Claimants immediately following the incident which is the subject of this litigation, and this Court has exclusive jurisdiction to determine that issue.

3. The Claimant will not seek a determination of the issues set forth in paragraphs 1 and 2 above in any court outside of this proceeding and further consent to waive any *res judicata* and issue preclusion effect that the decision, rulings, or judgments of any court outside of this proceeding might otherwise have on those issues.

4. The Claimant will not seek to enforce any judgment rendered in any other court, whether against the Petitioner or another person or entity that would be entitled to seek indemnity or contribution from the Petitioner, by way of cross-claim or otherwise, that would expose the Petitioner to liability in excess of $10,000.00 unless and until such time as this Court has adjudicated the Petitioner's right to limit that liability. If this Court grants the Petitioner's right to limit liability, Claimant will not seek to enforce any judgment that would require the Petitioner to pay damages in excess of the limitation fund.

5. In the event that this Court ultimately determines that the Petitioner is entitled to limit his liability, the Claimant agrees that all of her claims against the Petitioner will be subordinated to any and all other claims of any nature against Petitioner arising out of the transaction and occurrence which is the subject of this action.

As it is within the discretion of this Court, and having reviewed the parties' Joint Stipulations in Support of Motion to Lift Stay, the Court finds good cause to grant the Claimant's motion. Therefore, pending the Court's decision on the parties' stipulations, the Court will lift the stay of proceedings which was previously entered in this case.

Accordingly, it is now

**ORDERED:**

Claimant, Dianne Canavan's, Motion, Stipulation and Supporting Memorandum of Law in Support of a Stay of this Action and to Lift December 7, 2011 Order Restraining Actions Against Petitioner (Doc. # 14) is **GRANTED**. The Court's Order Restraining Prosecution of Claims (Doc. # 7), is hereby **LIFTED**.

**DONE AND ORDERED** at Fort Myers, Florida, this ___9th___ day of March, 2012.

_SheriPolsterChappell_
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record