```
                 UNITED STATES DISTRICT COURT
                  MIDDLE DISTRICT OF FLORIDA
                     FORT MYERS DIVISION
```

IN THE MATTER OF:

                                    Case No.  2:11-cv-673-FtM-29SPC

CEDAR BAY BOAT RENTALS, LLC, owner
of the 2004 23' Harris Kayot vessel
#41, in a cause of action for
exoneration from, or limitation of,
liability,
_____


## OPINION AND ORDER

This matter comes before the Court on Claimant, Dianne Canavan's, Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. #12) filed on January 19, 2012.  Petitioner Cedar Bay Boat Rentals, LLC filed a Response (Doc. #13) on January 31, 2012.  For the reasons set forth below, the motion is denied.

**I.**

The Complaint for Exoneration From, or Limitation of, Liability (Doc. #1) (the Complaint) alleges the following: Cedar Bay Boat Rentals, LLC (Cedar Bay) is "a corporation" which is the owner of a 2004 23' Harris Kayot S230 deck boat with Hull Identification No. HAMD 5599L304 (the boat).  (Doc. #1, ¶¶ 1, 2.) On April 17, 2011, Cedar Bay rented the boat to Stephen Mariani (Mariani), and during the time that the boat was out on rental and being operated by Mariani, passenger Dianne Canavan (Canavan) was

allegedly injured in an accident aboard the boat. (Id., ¶¶ 3, 7.) It is alleged that Mariani was operating the boat at an excessive speed and otherwise without due regard to the safety of the passengers. (Id., ¶ 3.) The Complaint further alleges that the accident and injury was not due to any fault, neglect, or want of care by Cedar Bay, or by reason of any unsafe condition of the boat. (Id., ¶ 4.) The Complaint also alleges that Cedar Bay had exercised due diligence to properly maintain and equip the boat for her intended voyage, and had exercised due diligence to instruct and provide information to Mariani regarding the safe and proper operation of the boat. (Id., ¶ 5.) Cedar Bay claims it is exonerated from all liability, or alternatively, that its liability is limited to the value of the boat, about $10,000. (Id., ¶¶ 6, 8.)

The Court thereafter entered an order directing the filing of all claims by January 20, 2012. (Doc. #6.) The Court entered a second order restraining the institution of all claims (Doc. #7) except in the federal proceeding.[1]

Claimant Dianne Canavan then filed her motion to dismiss (Doc. #12) currently before the Court, asserting a lack of subject matter jurisdiction. Claimant asserts that she is the only claimant and that the only claims she plans on pursuing (in state court) against

---

[1]The Court later entered an order lifting the stay (Doc. #25) after the parties filed joint stipulations in support of motion to lift stay (Doc. #23), which protected this Court's jurisdiction.

Cedar Bay are for negligent entrustment and negligent supervision. Claimant argues that both claims, if proved, "by definition would establish the necessary privity to escape limitation of liability under 46 U.S.C. § 30505, *et seq*." (Doc. #12, p. 2.) Claimant further argues that if petitioner is found not liable for negligent entrustment or negligent supervision, then no liability exists and the case before this Court would be moot. (Id.)

## II.

The Exoneration and Limitation of Liability Act limits a vessel owner's liability for any damages arising from a maritime accident to the value of the vessel and its freight, provided that the accident occurred without such owner's "privity or knowledge." 46 U.S.C. § 30505. Claimant argues that the district court lacks subject matter jurisdiction because Cedar Bay in fact did have privity and knowledge, and therefore is not entitled to exoneration or limitation.

A facial challenge to subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) is premised on the allegations in the complaint, which the district court assumes to be true. Morrison v. Amway Corp., 323 F.3d 920, 924 n.5 (11th Cir. 2003). The Court doubts that the challenge in this case relates to subject matter jurisdiction, that is, to the power of the court to adjudicate a case. Morrison v. Nat'l Australia Bank Ltd., 130 S. Ct. 2869, 2877 (2010); Reed Elsevier, Inc. v. Muchnick, 130 S. Ct. 1237, 1243

(2010). This is "an issue quite separate from the question whether the allegations the plaintiff makes entitle him to relief." Morrison, 130 S. Ct. at 2877. While the Court therefore has subject matter jurisdiction over this dispute, the Eleventh Circuit has stated: "If it is truly impossible under any set of circumstances for [petitioner] to establish its lack of privity or knowledge, then the limitation action should be dismissed, and the [claimants] should be allowed to try liability and damages issues in state court." Suzuki of Orange Park, Inc. v. Shubert, 86 F.3d 1060, 1064 (11th Cir. 1996).

The concept of "privity and knowledge," however, is "somewhat elusive," Suzuki, 86 F.3d at 1064, and "is measured against the specific negligent acts or unseaworthy conditions that actually caused or contributed to the accident." Id. at 1064-65. Additionally, the ownership of the vessel is important. "In the context of a corporate shipowner, the privity and knowledge of corporate managers vested with discretionary authority is attributed to the corporation." Id. at 1065. In this case, both petitioner in its Complaint (Doc. #1) and claimant in her Proposed Complaint (Doc. #12, Ex. 1) allege that petitioner Cedar Bay Boat Rentals, LLC is a corporation. However, the use of "LLC" in the name indicates that Cedar Bay is a limited liability company. A limited liability company is a distinct business entity and is not treated in the same fashion as a corporation. See Olmstead v. FTC,

44 So. 3d 76, 78-79 (Fla. 2010)(discussing nature of LLC); <u>Rolling Greens MHP, LP v. Comcast SCH Holdings LLC</u>, 374 F.3d 1020 (11th Cir. 2004)(distinguishing LLC from corporation for diversity jurisdiction purposes).

Claimant relies on <u>Joyce v. Joyce</u>, 975 F.2d 379 (7th Cir. 1992), cited by the Eleventh Circuit in <u>Suzuki</u>, 86 F.3d at 1064. (Doc. #12, p. 3.) Under <u>Joyce</u>, an individual boat owner is ineligible for limited liability if the "sole allegation against [him] is negligently entrusting the boat to its operator . . . because privity or knowledge is an element of the tort of negligent entrustment." <u>Suzuki</u>, 86 F.3d at 1064 (citing <u>Joyce</u>, 975 F.2d at 385); <u>see also</u> <u>In re Ruiz</u>, 494 F. Supp. 2d 1339 (S.D. Fla. 2007). It seems clear, however, that the owner of the vessel in this case was not an individual, but a LLC. The motion fails to discuss or point to facts which would establish that it is truly impossible under any set of circumstances for Cedar Bay to establish its lack of privity or knowledge. For example, neither party has identified the person responsible for entrusting the boat to Mariani, nor have they demonstrated that the person's privity and knowledge is imputed to Cedar Bay. Therefore, claimant is not entitled to dismissal of the action.

Accordingly, it is now

**ORDERED**:

Claimant, Dianne Canavan's, Motion to Dismiss for Lack of

Subject Matter Jurisdiction (Doc. #12) is **DENIED**.

    **DONE AND ORDERED** at Fort Myers, Florida, this __6th__ day of August, 2012.

                                                      _____
                                                      JOHN E. STEELE
                                                      United States District Judge

Copies:
Counsel of record